**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

**DAVID THOMPSON,**

**Plaintiff,**

**v.**

**BECKY SCOTT, et al.,**

**Defendants.**

**Civil Action No. 24-1087 (MCA)(JSA)**

**MEMORANDUM OPINION**

This matter has been opened to the Court by Plaintiff David Thompson's filing of a civil complaint and an application to proceed *in forma pauperis* ("IFP application"). (ECF Nos. 1, 1-1, 1-2.) At this time, the Court grants the IFP application as to David Thompson and directs the Clerk of the Court to file the Complaint. The Court does not consider Michael Stevens to be a Plaintiff in this action, as he has not signed the Complaint or submitted an IFP application.[1]

Under the Prison Litigation Reform Act, Pub. L. 104-134, §§ 801–810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts must review prisoner complaints when the prisoner is proceeding *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2)(B). The PLRA directs district courts to *sua sponte* dismiss claims that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999),

---

[1] Stevens' name is written above the caption on the Complaint. Even if Stevens had signed the Complaint and submitted an IFP, the Complaint would be subject to dismissal for the same reasons stated in this Memorandum Opinion. If Stevens wishes to join this action, he must submit an IFP application and sign the Amended Complaint.

which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). At the pleading stage, the Court accepts the facts alleged in the pro se complaint as true, draws all reasonable inferences in the plaintiff's favor, and asks only whether the complaint, liberally construed, contains facts sufficient to state a plausible claim. *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations, however, do not suffice. *Iqbal*, 556 U.S. at 678.

In the Complaint, Plaintiff alleges that he and other inmates tested positive for COVID-19 while incarcerated at HCCF. (*See* ECF No. 1, Complaint at 4-7.) He provides few other facts and alleges generally that "Defendants acted negligently by not keeping me safe" and "medical failed to treat us/protect us from COVID-19." (*Id.*) Plaintiff also alleges cruel and unusual punishment, medical malpractice, dental malpractice, and destruction of legal mail, but he provides no facts to support these bare allegations. (*Id.*)

Plaintiff's Complaint alleges violations of his civil rights under 42 U.S.C. § 1983. "To establish a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a violation of a right protected by the Constitution or the laws of the United States committed by a person acting under the color of state law." *Natale v. Camden Cnty. Correctional Facility*, 318 F.3d 575, 580–81 (3d Cir. 2003) (citations omitted).

As a pretrial detainee, Plaintiff's right to adequate medical care arises under the Due Process Clause of the Fourteenth Amendment. *See Natale v. Camden County Correctional Facility*, 318 F.3d 575, 581 (3d Cir. 2003). In order to state a claim for relief, Plaintiff must show a "(1) a serious medical need, and (2) acts or omissions by prison officials that indicate deliberate

indifference to that need." *See Natale*, 318 F.3d at 582 (cleaned up); *see also Hope v. Warden York County Prison*, 972 F.3d 310, 329 (3d. Cir. 2020) (recognizing that immigration detainees could assert claims of deliberate indifference based on their vulnerabilities to COVID-19 due to their ages or medical conditions); *Palakovic v. Wetzel*, 854 F.3d 209, 224 (3d Cir. 2017) (discussing particular vulnerability to suicide due to mental health conditions); *Natale*, 318 F.3d at 582–83 (finding that medical professional's denial of insulin to insulin-dependent diabetic could amount to deliberate indifference). Although a detainee's particular medical vulnerability coupled with detention conditions can create a substantial risk of harm, *see Palakovic*, 854 F.3d at 226, deliberate indifference requires significantly more than negligence. *County of Sacramento v. Lewis*, 523 U.S. 833, 849–50 (1998). Moreover, "mere disagreement" as to the response to the risk to a plaintiff in light of their medical condition will not support constitutional infringement. *Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 346 (3d Cir. 1987).

Here, Plaintiff alleges that he and other inmates tested positive for COVID-19 and Defendants failed to keep him safe or prevent him from contracting the virus. These facts, without more, do not suggest that Plaintiff faced a substantial risk of serious harm from COVID-19 or that any of the Defendants acted with deliberate indifference to that risk. Moreover, although he claims he did not receive medical treatment, Plaintiff does not sufficiently allege that any Defendants knew he had a serious COVID-19 infection, needed urgent medical attention, and denied him adequate medical care.

Plaintiff also fails to plead any particular vulnerability to COVID-19, such as age or medical condition. In *Hope v. Warden York Cnty. Prison*, 972 F.3d at 325, immigration detainees alleged that due to their ages and medical conditions, their confinement at county jails during the COVID-19 pandemic amounted to punishment and/or deliberate indifference to their serious

medical needs. Although the Third Circuit agreed that detainees with a particular vulnerability to COVID-19 might state a claim for relief, it rejected the detainee's arguments that exposure to COVID-19 was per se unconstitutional and that the government must entirely eliminate the detainees' risk of exposure in order to comply with constitutional mandates. *See* 972 F.3d at 329. The Third Circuit also warned against using "ideal" responses to COVID-19, such as keeping six feet of separation (*i.e.* social distancing), "as the sine qua non of constitutional detention," even for individuals at higher risk of serious harm if they contract COVID-19. *See id.* at 327.

Plaintiff provides no facts to suggest that he has a particular vulnerability to severe COVID-19 infections, such that his detention under less than ideal conditions amounts to punishment. He also fails to provide any facts showing that any Defendants acted with deliberate indifference to his particular vulnerability to COVID-19. The Court dismisses without prejudice the constitutional claims based on exposure to or failure to treat COVID-19.

To the extent Plaintiff alleges that any prison officials violated his constitutional rights by having an inadequate grievance system, he fails to state a claim for relief under § 1983. "The law does not recognize a stand-alone due process claim regarding access to the prison grievance program." *Harris v. Wetzel*, 822 F. App'x 128, 130 (3d Cir. 2020) (citing *Burnside v. Moser*, 138 F. App'x 414, 416 (3d Cir. 2005) (additional citations omitted)). Therefore, Plaintiff fails to state a § 1983 claim based on the unavailability of the administrative grievance procedure. Amendment of this claim is futile because the conduct alleged does not violate a federal statute or constitutional right.[2]

---

[2] Plaintiff's allegations may be relevant to whether the grievance program was available to him for purposes of exhausting administrative remedies pursuant to the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). *See Ross v. Blake*, 136 S. Ct. 1850, 1855 (2016) ("[a] prisoner need not exhaust remedies [under the PLRA] if they are not 'available.' ")

Finally, Plaintiff also seeks to bring state law claims for relief. A District Court has discretion to "decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Because the Court dismisses the § 1983 claims over which it had original jurisdiction, it declines supplemental jurisdiction over any state law claims at this time.

In conclusion, the Court dismisses the federal claims at screening pursuant to its screening authority under 28 U.S.C. § 1915(e)(2)(B). The Court declines supplemental jurisdiction over any potential state law claims. Plaintiff may submit an amended complaint within 30 days to the extent he can cure the deficiencies in his federal claims.[3] If Plaintiff does not submit an amended complaint within 30 days, the dismissal will automatically convert to a dismissal with prejudice. An appropriate order follows.

8/26/26

***s/ Madeline Cox Arleo***
**MADELINE COX ARLEO**
**United States District Judge**

[3] If Plaintiff chooses to submit an amended complaint, that complaint should be all-inclusive as it will replace his original complaint.